WILLIAMS, Judge.
This is an appeal by plaintiff Santo Dileo, appearing in proper person, from a dismissal without prejudice in favor of defendants Steven Bernstein and Texas Auto Wholesale, Inc.
Plaintiff filed suit against defendants, alleging fraud and/or breach of contract in connection with his purchase of a foreign car that was to be delivered from Belgium. Defendants reconvened for damages, lost fees, attorney’s fees, and expenses. Trial was set for November 12, 1985 at 9:00 a.m. Counsel for defendant was ready for trial to begin, but Dileo did not show up until 9:40 a.m. After waiting at least thirty minutes, counsel for defendant moved for dismissal, which was granted by the court without prejudice. No one from Dileo’s office nor Dileo himself called the court to tell that he would be delayed.
Dileo contends that the trial court abused its discretion in dismissing this action. He claims in brief to this court that he left Kenner at 8:30 a.m., and found himself in a tremendous traffic jam due to an accident. Then, when he reached Civil District Court, he was unable to find a parking place. He *1275 alleges that dismissal, either with or without prejudice, is too “Draconian” for being forty minutes late. A trial court, however, has wide discretion in determining whether a case should be dismissed for failure of a plaintiff to appear on the day of trial. La. C.Civ.Pr. art. 1672(A). Furthermore, plaintiff filed suit in February, 1985, and, therefore, would not have had a problem with prescription had he refiled his suit. He claims, however, that he should “be given his day in court without having to file a new lawsuit and its attendant inconveniences.”
Due to the lack of prejudice, and in light of the trial court’s wide discretion in this area, the trial court’s granting of the motion for dismissal be AFFIRMED.
AFFIRMED.