609 So.2d 832 (1992)
Joseph BRIGHT
v.
CLAIMS CENTER.
No. 91-CA-1843.
Court of Appeal of Louisiana, Fourth Circuit.
September 17, 1992.
Rehearing Denied January 13, 1993.
Ralph Johnson, Gretna, for plaintiff-appellant Joseph Bright.
Sutherland, Juge, Horack & Dwyer, Denis Paul Juge, Thomas M. Ruli, New Orleans, for defendants-appellees Claims Center and Manhattan Management Co.
Before KLEES, CIACCIO and WARD, JJ.
WARD, Judge.
Joseph Bright appeals from a ruling dismissing his claim for worker's compensation. When Bright's claim came for a hearing the hearing officer of the Office of Worker's Compensation refused to receive Bright's evidence because Bright's counsel violated procedural rules of discovery. Because Bright could not present evidence, the hearing officer then ruled in favor of his former employer, Manhattan Management Company, rejecting Bright's claim.
We reverse, because we find the hearing officer exceeded his authority. Although Bright's counsel violated procedural rules and abused process of law, Bright's claims must be decided on their merits.
Bright claims he suffered a heart attack on February 5, 1990 while employed by Manhattan. On August 15, 1990, Bright filed a claim for compensation with the Office of Worker's Compensation, alleging that his heart attack was work-related. His employer, Manhattan, denied the claim, and a pretrial conference was set. At this conference the hearing officer provided both parties with a "Pre-Hearing Questionnaire", informing them that their responses to the questionnaire had to be filed seven days prior to trial, and that if a party failed to submit timely responses that party would not be permitted to introduce evidence at trial.
Manhattan filed its response a few weeks before the trial date, and at the same time it filed a motion for a continuance. This motion was denied, although Bright did not oppose it. On April 5, 1991, Manhattan's counsel sent a letter to Bright's counsel asking him for his responses to the "pre hearing questionnaire". Bright's counsel did not respond. Instead, on the date when the hearing was to take place, Bright's counsel appeared and asked the hearing officer for a continuance, pleading his lack of preparation for trial. This motion was also denied.
*833 The parties and their counsel then entered into settlement negotiations, and tentatively agreed to settle the matter for $3,200.00. One week later, Bright's counsel informed Manhattan that he was no longer willing to accept the settlement, and Bright's claim was reset for hearing. When Bright and his counsel appeared for that hearing, Bright's counsel still had not responded to the pre-hearing questionnaire. Manhattan's counsel then moved to strike any and all evidence to be introduced by Bright. The hearing officer granted Manhattan's motion. Bright could not prove his claim, and the hearing officer dismissed it.
Manhattan contends that Bright's initial agreement to the settlement was merely a ruse to get a continuance. In spite of the success of this ploy, Bright's counsel did not file answers to the questionnaire, and appeared on the second trial date without having complied with the hearing officer's orders. Manhattan argues that the action of the hearing officer was an appropriate exercise of discretion to control the orderly processes of the hearings and that it was within the inherent powers of a "court".
The issues then are: Do the Worker's Compensation Board and its hearing officers have the same inherent powers of a trial court and if so, then did this hearing officer abuse his discretion in this instance?
If the hearing officer has the power of a trial court, then he had the inherent power to dismiss Bright's claim to enforce his order. Louisiana Courts have consistently held that the power of the trial court to enforce its own orders is inherent and a court may order a litigant to perform some act, procedural in character, and upon the litigant's failure to do so may dismiss the suit. Prejean v. Ortega, 262 So.2d 402, 404 (La.App. 3d Cir.1972). Nonetheless, we find that the neither the Office of Worker's Compensation nor its hearing officers have the same power to enforce procedural orders. In 1988 the Louisiana Legislature established the Office of Worker's Compensation, requiring that claims for compensation must be heard before a hearing officer. Because that act divested the district courts of original jurisdiction, that act was held to violate Article V, Section 16(A) of the Louisiana Constitution which defined the jurisdiction of district courts. Moore v. Roemer, 567 So.2d 75 (La.1990) On October 6, 1990, the electorate ratified proposed changes to Article V, Section 16(A), and it now reads:
Section 16. (A) Original Jurisdiction. (1) Except as otherwise authorized by this constitution or except as heretofore or hereafter provided by law for administrative agency determinations in worker's compensation, a district court shall have original jurisdiction of all civil and criminal matters.
The Legislature reenacted the former procedure and gave the Office of Worker's Compensation jurisdiction to hear compensation claims.
This history and the Constitution all indicate that the Office of Worker's Compensation and the jurisdiction of its hearing officers is not conferred by the Constitution, and they do not have the same inherent powers of the district courts. Moreover, when the Legislature bestowed jurisdiction to hear compensation claims to the hearing officer, it withheld those powers that would be inherent in any constitutionally established court.
R.S. 23:1310.7 Enforcement of orders; contempt
In case of disobedience of any person to comply with the order of the hearing officer, or a subpoena issued by him, or on the refusal of a witness to testify to any matter regarding which he may be lawfully interrogated, or refusal to permit an inspection as permitted by law, the judge of the district court of the parish in which the person resides, or of the parish in which such hearing is being conducted, on application of the hearing officer, shall order the person to show cause why he should not be held in contempt.
Since the hearing officer has only those powers granted by the legislature, and since dismissal with prejudice is the ultimate sanction, Allen v. Smith, 390 So.2d 1300 (La.1980), unless this authority was *834 specifically conferred by the legislature, the hearing officer exceeded his authority by refusing to receive evidence offered to prove Bright's claim and by dismissing it. To redress the misconduct described above, Manhattan and the hearing officer must apply to a judge of the district court of Orleans Parish, who shall order Bright's counsel to show cause why he should not be held in contempt. See La.R.S. 23:1310.7 above. We reverse and remand for a new hearing.
REVERSED AND REMANDED.