621 So.2d 865 (1993)
Arthur PIPER
v.
DILLARD'S DEPARTMENT STORE.
No. 93-CA-0081.
Court of Appeal of Louisiana, Fourth Circuit.
June 30, 1993.
Edward J. Cloos, III, Metairie, for appellant.
John F. Young, Thomas A. Rayer, Jr., Young & Associates, New Orleans, for appellee.
Before BYRNES, CIACCIO and JONES, JJ.
CIACCIO, Judge.
Plaintiff, Arthur Piper, appeals from a judgment rendered by a hearing officer dismissing his workers' compensation claim with prejudice.
On June 13, 1991, plaintiff filed a claim against defendant, Dillard Department Stores, Inc., for workers' compensation benefits. Dillard answered the claim, denying any obligation to pay further indemnity benefits to plaintiff. The claim, initially assigned to district 5 of the Office of workers' Compensation, was transferred to district 8 in New Orleans.
A pre-trial conference was held on April 27, 1992 before Hearing Officer Edgar K. Corey. At that time, Corey set the matter for trial on June 25, 1992.
On June 19, 1992, plaintiff filed a motion for continuance, stating he would be out of town on the day of trial. After receiving the motion for continuance on June 22, 1992, Dillard filed a memorandum in opposition to plaintiff's motion, arguing it would have been prejudiced if the trial was continued at that late date. Corey denied plaintiff's motion on June 23, 1992.
On June 25, 1992, the date of trial, plaintiff failed to appear. Plaintiff's counsel *866 appeared and reurged the motion for continuance but Corey again denied it. Corey also held that plaintiff's counsel could not introduce plaintiff's deposition, the depositions of his treating physicians or any other documents into evidence to support his claim because plaintiff had failed to file a response to a pre-hearing questionnaire as ordered by the court in the pre-trial notice dated January 2, 1992.
At that time, Dillard made an oral motion to dismiss the plaintiff's claim for failure to appear at trial and failure to present evidence to support his claim. Corey dismissed the claim but advised that he would consider whether the claim would be dismissed with or without prejudice.
Corey later dictated the judgment dismissing plaintiff's claim with prejudice. Shortly thereafter, Corey became ill and was unable to sign the dictated judgment. Hearing Officer Glynn Voisin signed the previously dictated judgment on behalf of Corey. It is from this judgment that plaintiff appeals.
On appeal, plaintiff argues the trial judge erred in dismissing his claim. Specifically, he contends that the trial judge lacked the authority to dismiss the claim with prejudice, relying on the case of Bright v. Claims Center, 609 So.2d 832 (La.App. 4th Cir.1992), writ den. 615 So.2d 338 (La.1993).
Pursuant to Acts 1988, No. 938, the Louisiana Legislature enacted R.S. 23:1310.3(E) which granted hearing officers of the Louisiana Office of Workers' Compensation original, exclusive jurisdiction over all claims or disputes arising out of workers' compensation claims. Because that act divested the district courts of original jurisdiction, the act was held to violate Article 5, Section 16(A) of the Louisiana Constitution which defines the jurisdiction of district courts. Moore v. Roemer, 567 So.2d 75 (La.1990). On October 6, 1990, the electorate ratified proposed amendments to Const. Art. 5, Sections 10(A) and (B) and 16(A0. These amendments became effective November 7, 1990. Consequently, Art. 5, Section 16(A) now reads as follows:
Section 16. (A) Original Jurisdiction. (1) Except as otherwise authorized by this constitution or except as heretofore or hereafter provided by law for administrative agency determinations in worker's compensation, a district court shall have original jurisdiction of all civil and criminal matters.
R.S. 23:1310.1(C) authorizes the Director of the Office of Workers' Compensation Administration to adopt rules governing proceedings before hearing officers. It provides:
The director shall have the authority to adopt reasonable rules and regulations, including the rules of procedures established by the Administrative Procedure Act. All rules and regulations, properly approved and promulgated under the Administrative Procedure Act, shall be consistent with the Worker's Compensation Law and shall be binding in the administration of that law.
Pursuant to this authority, the Director of the Office of Workers' Compensation Administration adopted the Department of Employment and Training, Office of Workers' Compensation Hearing Officer Rules which appear in the Louisiana Register, Volume 16, No. 4 (April 1990) and Volume 17, No. 3 (March 1991). The Hearing Officer Rules set forth procedural provisions with respect to the filing and administration of workers' compensation claims. Rule B of the Hearing Officer Rules specifically provides:
Any matter of practice or procedure not specifically dealt with either by the Workers' Compensation Act or by these rules will be guided by practice and procedure followed in the district courts of this state.
Louisiana Register, Vol. 16, No. 4 (April 20, 1990) p. 27
Thus, pursuant to statutory authority, the Director of OWCA adopted the Louisiana Code of Civil Procedure as applicable to those matters not addressed by the Workers' Compensation Law or the Hearing Officer Rules.
La.C.C.P. art. 1672(A) provides:

*867 Judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case, the Court shall determine whether the Judgment of Dismissal shall be with or without prejudice.
Pursuant to the statutory authority, the Hearing Officer Rules and the La.Code of Civil Procedure, it is clear that a Hearing Officer has the authority to dismiss a workers' compensation claim.
In support of his argument plaintiff cites Bright v. Claims Center, supra in his brief. In Bright, we held that a hearing officer erred in dismissing a workers' compensation claim where the claimant's attorney failed to file a response to a pre-trial questionnaire and, therefore, could not present any evidence to support his claim. We found that the hearing officer should have referred the matter to the district court for contempt proceedings pursuant to R.S. 23:1310.7.
Bright is distinguishable from the present case. The claimant in Bright appeared for trial but his counsel violated procedural rules of discovery by failing to file the responses to a pre-trial questionnaire after having been ordered by the hearing officer to do so. On appeal we considered the limited issue of whether hearing officers have the same inherent powers of a trial court to enforce procedural orders. We concluded that under the facts in Bright the hearing officer exceeded his authority by refusing to receive evidence plaintiff had offered to prove his claim and by dismissing the claim, where R.S. 23:1310.7 specifically provided the proper procedure for enforcement of a hearing officer's order. To redress the misconduct, we held that in accordance with the statute the hearing officer and the defendant employer should have applied to the district court judge to show cause why the claimant should not have been held in contempt for failure to comply with the hearing officer's order.
Unlike Bright, plaintiff in the instant case deliberately chose not to appear for trial even though he had received notice of the trial date. In light of this, and pursuant to the aforementioned authorities, we cannot say the trial judge erred in dismissing plaintiff's claim.
Keeping in mind, however, La. C.C.P. art. 1672, which allows the court to determine whether the judgment of dismissal shall be with or without prejudice, we find, under the facts in this case, the hearing officer abused his discretion in dismissing plaintiff's claim with prejudice.
The record reflects that as of the date of trial, plaintiff's case had not been previously continued. Additionally, the hearing officer had several other matters set for trial on that date. Further, Dillard, in opposing plaintiff's move for a continuance, did not show that it would have been prejudiced by the continuance of the matter. In light of these factors and considering that Louisiana courts have held that in workers' compensation cases, rules of procedure are to be liberally construed, we conclude the hearing officer should have dismissed plaintiff's claim without prejudice.
Accordingly, we amend the judgment of the hearing officer and dismiss plaintiff's claim for workers' compensation without prejudice.
AMENDED AND AS AMENDED, AFFIRMED.