IzCANNELLA, Judge.
Plaintiff, Eugene Loring, appeals from a judgment rendered in favor of defendants, Trans Gulf, Inc. and Commercial Union Insurance Company, dismissing his case "with prejudice. For the reasons which follow, we set aside the judgment and remand.
Plaintiff alleges that he was employed by defendant, Trans Gulf, Inc., on November 20, *1298 1986 when he was injured while in the course and scope of his employment as a truck driver. He contends that he was in the process of getting out of his truck when the door to his truck was struck by another truck, knocking the door into plaintiff and causing him to fall to the ground, injuring his hip, arm and back.
It appears, although we do not have the entire record of this case |3before us, that plaintiffs claim for worker’s compensation was filed untimely and that on April 4, 1989 the office of worker’s compensation held that the compensation claim had prescribed but that plaintiffs claim for medical reimbursement had not. Plaintiff has retained counsel at different times throughout these proceedings, but is currently proceeding in proper person. On March 17,1994, plaintiff reurged his claim for compensation and medical benefits. On February 22, 1995, the office of worker’s compensation ruled that the claim for compensation was prescribed and/or res judicata and thereby dismissed, but that plaintiff could proceed with his claim for medical benefits.
Trial was set on that remaining issue for March 22, 1995 at 9:00 a.m. On motion of defendants, the March 22nd trial date was continued to April 26, 1995, at 9:00 a.m. Plaintiff was notified of the new trial date and time by certified mail, with requested return receipt. The receipt was returned with plaintiffs signature thereon and is in the record, indicating that plaintiff received the notice of the new trial date. Defendants again moved to continue the trial from March 26th to June 5,1995 at 9:00 a.m. The record indicates that plaintiff was sent notice of this new trial date and time by certified mail, with requested return receipt. However, the record does not contain the return receipt with plaintiffs signature. On May 30, 1995, defendants again moved for a continuance. This time the continuance was denied and plaintiff was mailed notice of the denial of the continuance by certified mail, with requested return receipt. The |4receipt was returned with plaintiffs signature and is part of the record, indicating that plaintiff did receive a copy of the denied motion for continuance. However, this motion and denial only indicate the date of the scheduled hearing and not the time. There is nothing in the record indicating that plaintiff received notice of the time of the June 5, 1995 hearing and only indirect notice of the date, by the notice of the denial of defendants’ continuance.
On June 5, 1995, at 10:30 a.m. the hearing officer called the case for trial. Plaintiff was not present. Defendants orally moved to dismiss the case with prejudice for failure to prosecute. The hearing officer granted the motion and ordered defendants to submit the motion within five working days. Plaintiff did appear in court for trial on June 5, 1995, at 11:15 a.m. Thus, despite plaintiff’s appearance on the day of trial, albeit after the case was called for hearing, the hearing officer signed the judgment dismissing plaintiffs ease, with prejudice, on June 21, 1995. Plaintiff advised the hearing officer that he wished to appeal the judgment and he granted plaintiff a devolutive appeal.
On appeal, plaintiff, still representing himself, filed a two page “brief,” basically asserting that he was erroneously denied his day in court[1]. Defendants have not filed a response brief.
IsLa.C.Civ.P. art. 1672, addressing involuntary dismissals, provides in pertinent part:
A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case, the court shall determine whether the judgment of dismissal shall be with or without prejudice.
Generally, the hearing officer is afforded wide discretion in determining whether a case should be dismissed because of a party’s failure to appear, and the appellate court will only upset such a ruling upon finding that he abused its discretion. Piper v. Dillard’s Dept. Store., 621 So.2d 865 (La. App. 4th Cir.1993), writs denied, 627 So.2d 654 (La.1993). However, it has also been *1299 held that, in worker’s compensation cases, rules of procedure are to be liberally construed. Piper, supra.
Upon review of the record in this case, we find that the record simply does not provide the evidence to support a judgment of dismissal with prejudice. First, plaintiff is representing himself and is likely not well versed in the court’s rules of procedure. Second, the record indicates that the hearing in plaintiffs case was continued several times on defendants’ motion, and may have caused plaintiff some confusion. Third, the record indicates, by return receipt with plaintiffs signature, that he received notice of each new trial date and time, except the final June 5, 1995 notice. There is no evidence in the record before us that plaintiff received notice of the day and time of the hearing, set after 16defendants’ continuance.[2] The next notice that he received, evidencing the denial of defendants’ last motion for a continuance, did not include the time of the June 5th hearing, only indirectly the date of the hearing. Fourth, the record indicates that plaintiff was present on the date set for his hearing, June 5, 1995, although he did not arrive until 11:15 a.m., forty-five minutes after the case was called for trial. The hearing officer did not sign the judgment of dismissal until June 21, 1995, at which time he was fully aware of plaintiffs attempt to appear for the hearing in his ease. Therefore, considering all these factors, we find that the hearing officer abused his discretion in dismissing plaintiffs ease with prejudice, where there is no record evidence that plaintiff was notified of the time of the hearing and there is evidence that he did appear on the date set for the hearing.
Accordingly, the judgment dismissing plaintiffs case with prejudice is set aside and the case is remanded to the office of worker’s compensation for further proceedings consistent with the views expressed herein. Cost of appeal are to be paid by defendants.
JUDGMENT SET ASIDE; CASE REMANDED.

. It seems, from plaintiff's brief, that he does not fully understand what has transpired in his case, procedurally. It also appears that he is not capable of handling the matter himself on remand, and is in need of counsel to represent him.

. There was testimony entered at the hearing when the case was called at 10:30 a.m. on June 5, 1995 from a court clerk to the effect that she called plaintiff and told him to pick up his notice of the June 5, 1995 trial date. However, the record does not contain the returned receipt with plaintiff's signature, evidencing his receipt of that notice, as it does for all of the other notices sent to plaintiff.