| jKATZ, Judge.
This is an appeal from the Office of Workers’ Compensation by the Louisiana Insurance Guaranty Association on behalf of the St. Bernard Parish Police Jury from a judgement signed by the Honorable Anne Marie Vandenweghe on December 15, 1998, imposing sanctions in the form of attorney fees and court costs against the St. Bernard Parish Police Jury for the *1266 policy jury’s failure to conduct a sufficient investigation prior to filing the petition to reduce benefits.
In actuality, the petition for reduction of benefits was filed by the Louisiana Insurance Guaranty Association on behalf of both the St. Bernard Parish Police Jury and the Louisiana Insurance Guaranty Association.
STATEMENT OF FACTS
On or about December 6, 1989, August D. Muría was employed by the St. Bernard Parish Police Jury as a fireman when he injured his back as a result of a slip and fall accident. As a result of this injury, the St. Bernard Parish Police Jury and its insurer, Rockwood Insurance Company, commenced paying Muría workers’ compensation benefits and medical expenses. Subsequently, however, | gRockwood Insurance Company went into liquidation and receivership and the Louisiana Insurance Guaranty Association (LIGA) was substituted in place of Rockwood and began to pay Murla’s workers’ compensation benefits and medical expenses. The claimant is currently receiving supplemental earnings benefits.
LIGA filed a petition to reduce benefits on May 7, 1997 with the Office of Workers’ Compensation on the basis that Mr. Muría was unwilling to cooperate in locating and accepting jobs as potential employment. Hence, pursuant to R.S.23:1226 LIGA, on behalf of itself and the St. Bernard Parish Police Jury, filed a petition to reduce benefits by fifty percent.
However, at no time during the litigation of this motion were Murla’s benefits actually reduced. Additionally, the decision to file the petition for reduction was made by employees and officials with LIGA without consultation with the St. Bernard Parish Police Jury.
After several status conferences with the Office of Workers’ Compensation and trial dates on the motion, LIGA realized the logistical problems inherent in obtaining the necessary testimony of the many witnesses it needed in order to prove the allegations of its petition to reduce benefits. Consequently, LIGA decided to dismiss its petition to reduce benefits and filed the motion to dismiss on July 17, 1998. The Order dismissing the petition was signed on July 21, 1998, as to both LIGA and the St. Bernard Parish Police Jury and without prejudice.
Subsequent to this voluntary dismissal, Mr. Muría filed a motion seeking recovery of attorney fees and costs against LIGA and the St. Bernard | ^Parish Police Jury for having to hire an attorney to defend him against the allegations in the motion to reduce benefits. The claimant’s attorney also filed an answer to the petition; attended the status conferences; prepared for the hearings that were never held; and saw that the motion to dismiss was signed.
After argument and hearing on the claimant’s motion for attorney’s fees and costs, the Workers’ Compensation Judge rendered judgment on October 30, 1998, awarding attorney fees and costs to Mr. Muría. However, the judgment was only against the St. Bernard Parish Police Jury “for their failure to conduct a sufficient investigation prior to filing their petition to reduce benefits.”
The judgment further awarded Mr. Murla’s attorney, attorney fees of $150.00 per hour x 25.50 hours and $35.00 per hour for paralegal hours x 2.50 hours and court costs of $30.00. The total sum awarded is $3,942.50.
ISSUES PRESENTED ON APPEAL
1. Does RS 22:1382(l)(a) exempt LIGA from being assessed attorney’s fees awarded pursuant to RS 23:1201.2, 1201(E) and/or 1201(F)?
2. May a Workers’ Compensation Judge impose sanctions against an employer and/or LIGA in the form of attorney’s fees and costs pursuant to Code of Civil Procedure Article 863?
*1267 3. Must an attorney testify and provide time slips and/or other corroborating evidence of the amount of his fees charged before a Workers’ Compensation Judge can impose attorney’s fees?
|44. What is the appellate standard of review for the imposition of sanctions by the trial court under C.C.P. art.863?

PARTI

Does RS 22:1382(l)(a) exempt LIGA from being assessed attorney’s fees awarded pursuant to RS 23:1201.2,1201(E) and/or 1201(F)?
The Supreme Court answered this question in the affirmative in Bowens v. General Motors Corp., 608 So.2d 999 (La.1992) at page 1004-1005:
“R.S.23:1201(E) provides for penalties against the employer or his insurer for failure to pay workers’ compensation benefits, and R.S.23:1201.2 provides for attorney fees against the employer or his insurer for failure to pay benefits. LIGA argues that it should not be required to pay penalties and attorney fees imposed on the insolvent insurer since these are not covered claims under R.S.22:1382(1)(a). We agree.”
LIGA further argues that it should not have to pay penalties and attorney fees even for its own actions, since it is not an insurer for purposes of the statutes imposing penalties and attorney fees. We agree.... Accordingly, we hold that LIGA is not liable for penalties and attorney fees, either as a covered claim or as a result of its own actions. ”
Hence, LIGA is exempt by virtue of RS 22:1382(1)(a) from being assessed penalties and/or attorney’s fees under RS 23:1201.2 or 23:1201(E) or 23:1201(F) resulting either from the actions of an insolvent insurer or from LIGA’s own actions.

J£ ART II

May a Workers’ Compensation Judge impose sanctions in the form of attorney’s fees and costs pursuant to Article 863 of the Code of Civil Procedure?
A succinct history of the Office of Workers’ Compensation appears in the Fourth Circuit decision of Piper v. Dillard’s Department Store, 621 So.2d 865 (La.App. 4 Cir.1993) at page 866, unit denied, 627 So.2d 654 (La.1993). The Honorable Phillip Ciaccio gives us an excellent history:
“On October 6, 1990, the electorate ratified proposed amendments to Constitutional Article 5, Sections 10(A) and (B) and 16(AO). These amendments became effective November 7, 1990. Consequently, Article 5, Section 16(A) provides for an administrative agency for determinations in workers’ compensation matters. R.S.23:1310.1(C) authorizes the Director of the Office of Workers’ Compensation Administration to adopt rules governing proceedings before hearing officers. The Director of Office of Workers’ Compensation Administration is authorized to adopt “reasonable rules and regulations, including the rules of procedure established by the Administrative Procedure Act. Ml rules and regulations, properly approved and promulgated under the Administrative Procedure Act, shall be consistent with the Workers’ Compensation Law and shall be binding in the administration of that law.... Rule B of the Hearing Officer Rules specifically provides: ‘any matter of practice or procedure not specifically dealt with either by the Workers’ Compensation Act or by these rules will be guided by practice and procedure followed in the district courts of this State.’ ” Louisiana Register, Vol. 16, NO.4 (April 20, 1990).27 “thus, pursuant to statutory authority, the Director of OWCA adopted the Louisiana Code of Civil Procedure as applicable to those matters not addressed by the Workers’ Compensation Law or the Hearing Officer Rules.” 621 So.2d [at ]866. See also Guidry v. Gueydan Cooperative[ Dryer, Inc.], 706 So.2d 146, 148 ([La.App. ]3 Cir. 1997) for the prop *1268 osition that: “as in the case sub judice, where there are no applicable provisions in the Louisiana Workers’ |fiCompensation Act, procedural matters are controlled by the Louisiana Code of Civil Procedure. Piper v. Dillard’s Dept. Store, 621 So.2d 865 (La.App. 4 Cir.), writ denied, 627 So.2d 654 (La.1993).
C.C.P. Article 863(B) provides that the signature of an attorney or party shall constitute “a certification by him that he has read the pleading: that to the best of his knowledge, information and belief formed after reasonable inquiry it is well grounded in fact.... That it is not interposed for any improper purpose such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.”
C.C.P. Art. 863(D) provides that “upon motion of any party, if the court determines that a certification has been made in violation of the provisions of this article, the Court shall impose upon the person who made the certiñcation or the represented party, or both, an appropriate sanction which may include art order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney’s fee.”
C.C.P. Art. 863(E) provides that a sanction shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relative to the issue of imposition of the sanction.
The Fourth Circuit in NOPSI v. Louisville & Nashville R.Co., 94-1625 (La.App. 4 Cir. 3/16/95), 652 So.2d 1033, 1035 held: “CCP Article 863 allows a court to impose sanctions when a party has incurred unjustified expenses due to pleadings filed in court which have been signed and certified by opposing counsel as being in good faith.”
|7The Fourth Circuit in Borne v. New Orleans Health Care, Inc., 616 So.2d 236 (La.App. 4 Cir.1993), writ denied, 623 So.2d 1332 (La.1993) stated: “Article 863 requires the signing, certifying attorney or litigant to make an objectively reasonable inquiry (into the facts and law) prior to signing the pleading (citations omitted) Subjective good faith does not satisfy article 863’s duty of reasonable inquiry (citations omitted) The rule ... imposes upon attorneys and litigants affirmative duties as of the date the document is signed... Once a court determines that a violation of C.C.P. art. 863 has occurred, it has considerable discretion as to the type and severity of sanctions to be imposed (citation omitted).” pp. 238-239.
Our review of the record satisfies us that there was evidence before the trial court furnishing a basis for the judgment of the Workers’ Compensation Judge dated December 15, 1998, wherein the trial court concluded that there was a failure to conduct a reasonable inquiry prior to filing the petition to reduce benefits and, therefore, the claimant, Mr. Murla, is entitled to attorney’s fees and costs.
The judgment, however, does not indicate whether the attorney fees are awarded under Article 863 of the Code of Civil Procedure or an attempt to award under the Compensation Act.[1]
Nevertheless, the Court does not find any exemption under CCP Article 863 for LIGA and none is implied. R.S. 22:1382(1)(a) gives LIGA an exemption from attorneys’ fees and penalties under the Workers’ Compensation Act but is silent with respect to sanctions imposed as contempt of court under C.C.P. Art. 863.
*1269 IsSince LIGA and not the St. Bernard Parish Police Jury made the determination to file the Petition to Reduce Benefits it is only fitting and appropriate that LIGA and not the St. Bernard Parish Police Jury be held liable for the sanctions imposed under C.C.P. Art. 863. Accordingly, the Court amends the judgment of December 15, 1998 and awards judgment in favor of August D. Muría and his attorney for attorney fees and costs in the sum of $8,942.50 but only against the Louisiana Insurance Guaranty Association.

PART III

Must a Workers’ Compensation Judge hold a hearing in order to determine the amount of attorney fees to be awarded under Article 863 of the Code of Civil Procedure (Section 5803 of the Rules of Office of Workers’ Compensation)?
Both Section 5803 and Article 863(E) provide that sanctions authorized may be imposed only after a hearing at which any party or his counsel may present any evidence or argument relative to the issue of the imposition of sanctions. However, although the claimant’s attorney submitted a list of his fees incurred, that is not always necessary.
The Fourth Circuit in Louque v. Jack Eckerd Drug Store, 405 So.2d 1097 (La.App. 4 Cir. 1980) permitted a trial judge “to call upon his own experience and expertise in determining how much time and effort a lawyer has put into the preparation of the case.”
Also, the Fifth Circuit, in Armond v. Fowler, 96-398 (La.App. 5 Cir. 11/26/96), 694 So.2d 358 held that once a court determines that sanctions are appropriate (under 863) the court has considerable discretion as to the type and severity of sanctions to be imposed.
| flHence, the court must hold a hearing but need not have actual evidence of the amount of time or effort that an attorney has expanded in determining the imposition of attorney fees as sanctions under 863.
Likewise, this result would also be applicable to Section 5803 of the rules of the Office of Workers’ Compensation.

PART IV

What is the appellate standard of review for the imposition of sanctions by the trial court under C.C.P. art.863?
The standard of appellate review for reviewing the imposition of sanctions by the trial court or Workers’ Compensation Judge is two-fold: one, are the sanctions reasonable and two, is there a valid legal basis for the sanctions. Put another way, the trial court’s determination and imposition of sanctions will not be reversed unless the basis for the imposition of sanctions is “manifestly erroneous or clearly wrong”. Hessick v. Petro Publications, Inc., 96-0034 (La.App. 1 Cir. 11/8/96), 684 So.2d 466, unit denied, 97-0332 (La.3/21/97), 691 So.2d 89.
“On appellate review, a trial court’s finding as to a sanctionable violation of C.C.P. art. 863 may not be disturbed unless the record furnishes no evidence to support the finding, or the finding is clearly wrong (citations omitted),” Borne, supra, at 239.
In the case sub judice, this court finds that there is a valid legal basis for the Workers’ Compensation Judge to have imposed sanctions. LIGA’s staff should have properly investigated the situation and nailed down the testimony of the witnesses by deposition or affidavit and determined their availability to appear at the hearing to testify.
LnLIGA’s failure to make a reasonable inquiry before rushing to court justifies the imposition of sanctions in the form of attorneys’ fees and costs by the Workers’ Compensation Judge. Moreover, the court finds that the award of attorneys’ fees, paralegal fees and costs totaling *1270 $3,942.50, is extremely reasonable under the circumstances.

CONCLUSION

After reviewing the record, the Court concludes that the filing of the Petition for the Reduction of Benefits on behalf of the St. Bernard Parish Police Jury and the Louisiana Insurance Guaranty Association was not based upon reasonable inquiry or well grounded in fact and the Workers’ Compensation Judge was correct in awarding sanctions. However, the sanctions should have been assessed solely against the Louisiana Insurance Guaranty Association since all the decisions were made by LIGA without any input or consultation with the St. Bernard Parish Police Jury.
Accordingly, the judgment of the Workers’ Compensation Judge dated December 15, 1998 is hereby amended to cast the Louisiana Insurance Guaranty Association for the sanctions in the sum of $3,942.50 and to delete St. Bernard Parish Police Jury as the hable defendant for the sanctions.
With this change, the judgment is affirmed.

AMENDED AND AFFIRMED AS AMENDED.

LANDRIEU, J. dissents.

. The Louisiana Department of Labor, Office of Workers’ Compensation Administration adopted in October, 1998, Section 5803 which tracks the language in Code of Civil Procedure Article 863. Since the petition to reduce was filed prior to the adoption of Section 5803 and since all of the conduct by LIGA and its counsel occurred prior to October, 1998, the Court decides that Article 863 of the Code of Civil Procedure applies in the case sub judice although the result would be the same if applied under Section 5803.