JiPOUCET, Chief Judge.
The trial court dismissed the Claimant’s case with prejudice for failure to appear for trial. The Claimant, Christopher J. Smith, appeals.
Smith filed a disputed claim for compensation against Ascension Enterprises, Inc. (Ascension) on July 9, 1998. Trial was continued three times, once on motion of the Defendant and twice on motion of the Claimant. The trial was ultimately set for August 19, 1999. According to the judgment, the counsel for Claimant orally moved for another continuance on August 18, 1999. The trial court first granted, then, upon discovering that the Defendant objected to the continuance, denied the continuance and informed counsel for both parties that a trial would be held on August 19, 1999 at 9:00 a.m. When neither Claimant nor his attorney appeared by 9:28 am on August 19, 1999, the court dismissed the claim with prejudice. Although, the Claimant and his attorney appeared a short time later, the judge had already left. Approximately a month later, on September 20, 1999, the Claimant filed a “Motion for Reconsideration of Judgment of Dismissal.” The workers’ compensation tribunal denied the motion as improper.
On appeal, the Claimant argues that the judge erred in dismissing his case with prejudice. The Claimant argues that the trial court abused its discretion in dismissing his case in that although they appeared late, both he and his counsel did appear at trial. The Claimant further points out that his attorney attempted to call the court to inform it that they would be late. However, because workers’ compensation hearings were, at that time, being held at the T.H. Harris Vo-Tech School, his message was not conveyed to the judge.
|;>La.Code Civ.P. art. 1672, addressing involuntary dismissals, provides in pertinent part:
A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case, the court shall determine whether the judgment of dismissal shall be with or without prejudice.
Generally, the hearing officer, is afforded wide discretion in determining whether a case should be dismissed because of a party’s failure to appear, and the appellate court will only upset such a ruling upon finding that he abused its discretion. Piper v. Dillard’s Dept. Store., 621 So.2d 865 (La.App. 4th Cir.1993), writs denied, 627 So.2d 654 (La.1993). However, it has also been held that, in worker’s compensation cases, rules of procedure are to be liberally construed. Piper, supra.
*536 Loring v. Trans Gulf, 95-785, p. 5 (La. App. 5 Cir. 1/30/96); 668 So.2d 1297, 1298-99.
Based on the record on appeal, we find that because it was based on failure to appear, the dismissal in this case should have been without prejudice. The Claimant, prior to his tardy appearance at trial, moved for a continuance. Further, documents of record indicate that Claimant and his counsel attempted to inform the court of the fact that they would be delayed. This demonstrates that he did not intend to abandon the claim. See Dillard v. Stamm, 400 So.2d 1112 (La.App. 1 Cir.1981) and Dileo v. Bernstein, 488 So.2d 1274 (La.App. 4 Cir.1986). Therefore, although appropriate, the dismissal should have been granted without prejudice.
Accordingly, the judgment appealed from is amended to provide that the dismissal is without prejudice and, as amended, it is affirmed. Costs of this appeal are to be divided equally between the parties.
AFFIRMED AS AMENDED.