868 So.2d 110 (2003)
STATE of Louisiana
v.
Norman WADE.
No. 2003 CA 1364.
Court of Appeal of Louisiana, First Circuit.
December 3, 2003.
*111 Sherry E. Patrick, Assistant District Attorney, Baton Rouge, for State of Louisiana.
Otha Curtis Nelson, Sr., Baton Rouge, for Defendant-Appellant Norman Wade.
Before: PETTIGREW, DOWNING, and McCLENDON, JJ.
PETTIGREW, J.
Norman Wade appeals a judgment rendered by the East Baton Rouge Parish Juvenile Court denying his motion to reduce court-ordered child support. For the reasons that follow, we vacate the judgment below.

FACTS AND PROCEDURAL HISTORY
On April 16, 1993, the State of Louisiana, Department of Social Services, through the District Attorney for the 19th Judicial District, Parish of East Baton Rouge, in Docket No. 3-93-242, filed a petition to make the East Baton Rouge Parish Family Court judgment rendered on February 27, 1992, in Docket No. 90244, executory in East Baton Rouge Parish Juvenile Court. The Juvenile Court signed said judgment on April 16, 1993. The Family Court judgment in Docket No. 90244 established that Norman Wade was the father of the minor child, P.S., set child support at $75.00 per month, and set arrears for nonsupport at $825.00. According to the record, on June 7, 1999, the Hearing Officer for the Juvenile Court accepted a stipulation of the parties wherein Mr. Wade's child support was increased to $300.00 per month retroactive to June 1, 1999. A judgment accepting the Hearing Officer's recommendation was signed by the Juvenile Court on July 15, 1999.
Thereafter, on November 17, 2000, Mr. Wade filed a motion for reduction. The matter proceeded to hearing before the Hearing Officer on April 4, 2001, at which time Personna Spurlock, payee, and Mr. Wade both testified. At the conclusion of the hearing, the Hearing Officer took the matter under advisement pending receipt and review of medical records pertaining to Mr. Wade's diabetic condition. On September 5, 2001, the Hearing Officer dismissed Mr. Wade's motion for reduction, *112 finding that Mr. Wade was underemployed.
Mr. Wade excepted to the findings of the Hearing Officer, and a hearing was scheduled for October 18, 2001, before the Juvenile Court, in Docket No. 3-93-242. After hearing from Ms. Spurlock and Mr. Wade, the court denied Mr. Wade's request for reduction, finding no evidence to justify a reduction and making the Hearing Officer's recommendation of September 5, 2001, the judgment of the Juvenile Court. A judgment in accordance with these findings was signed by the Juvenile Court on April 2, 2002.
It is from this judgment that Mr. Wade has appealed, assigning the following specification of error:
The trial Judge committed manifest and reversible error when she ruled that there was no evidence that would justify a reduction in the THREE HUNDRED AND NO/100 ($300.00) DOLLARS because on the 7th day of June, 1999 the appellant had been ordered to pay the sum of THREE HUNDRED FIFTEEN AND NO/100 ($315.00) DOLLARS per month for the support of one of his other children.

DISCUSSION
Upon review of the record before us, we note that the Juvenile Court had no subject matter jurisdiction to render judgment in this case. Thus, for the reasons set forth more fully below, the Juvenile Court's judgment is vacated. Accordingly, we do not reach the merits of Mr. Wade's appeal and pretermit consideration of same.
Jurisdiction is the legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties, and to grant the relief to which they are entitled. La. Code Civ. P. art. 1. Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. La.Code Civ. P. art. 2. The jurisdiction of a court over the subject matter of an action or proceeding cannot be conferred by consent of the parties or waived; a judgment rendered by a court that has no jurisdiction over the subject matter of the action or proceeding is void. La.Code Civ. P. art. 3. The issue of subject matter jurisdiction addresses the court's authority to adjudicate the cause before it; the issue may be considered at any time, even by the court on its own motion, at any stage of an action. Boudreaux v. State, Dept. of Transp. and Development, XXXX-XXXX, pp. 7-8 (La.2/26/02), 815 So.2d 7, 12-13.
As set forth in La. R.S. 13:1621 A, exclusive jurisdiction is conferred on the East Baton Rouge Parish Juvenile Court for the following proceedings:
(1) All proceedings in the interest of children under seventeen years of age alleged to be delinquent, except as provided in R.S. 13:1570 and 1571.1 through 1571.4 and Code of Juvenile Procedure Article 106; and all proceedings in the interest of children under eighteen years of age alleged to be in need of supervision or in need of care.
(2) All proceedings to decree minors abandoned, for the adoption of minors, and for the relinquishment or termination of parental rights.
(3) All such additional jurisdiction, power, and authority now or hereafter provided by law for juvenile courts, and particularly but not restricted to the jurisdiction, power, and authority under the provisions of R.S. 13:1569 through 1592, R.S. 46:236.5, and Articles 14 *113 through 17 and Article 23 of the Code of Juvenile Procedure. [Footnotes omitted.]
Paragraph B establishes concurrent jurisdiction in the East Baton Rouge Parish Juvenile Court and Family Court as follows:
B. The court shall have concurrent jurisdiction with the family court for the parish of East Baton Rouge in the following proceedings:
(1) All cases of desertion, nonsupport, or criminal neglect of minors by either parent.
(2) All cases of desertion, nonsupport, or criminal neglect of a spouse by the other spouse.
(3) All proceedings under the Uniform Reciprocal Enforcement of Support Law.
(4) Proceedings brought by the Department of Social Services on its own behalf or on behalf of any person for whom support has been ordered to enforce support by interstate income assignment pursuant to R.S. 46:236.4, or proceedings brought by the district attorney to establish or enforce support pursuant to the provisions of R.S. 46:236.2 or 236.1(F). [Footnote omitted.]
Thus, both the Family Court and the Juvenile Court would appear to have concurrent original jurisdiction in any action brought by the State to establish filiation and support under La. R.S. 46:236.1. However, paragraph C of La. R.S. 13:1621 provides as follows:
C. However, the court which renders the initial order in any of the proceedings enumerated in subparagraph B shall have exclusive continuing jurisdiction to modify or enforce such order. [Emphasis added.]
The instant proceeding was initiated in the East Baton Rouge Parish Family Court on January 16, 1990, when the State filed a "Petition To Establish Paternity And Support Obligation" pursuant to La. R.S. 46:236.1 in Docket No. 90244. Thereafter, on February 27, 1992, the Family Court signed a stipulated judgment establishing that Norman Wade was the father of the minor child, P.S., setting child support at $75.00 per month, and setting arrears for non-support in the sum of $825.00. Pursuant to La. R.S. 13:1621 C, the Family Court had continuing exclusive jurisdiction to modify or enforce said judgment. Jurisdiction could not be conferred on the Juvenile Court by the consent of the parties. Accordingly, the Juvenile Court had no subject matter jurisdiction in this case. The judgment rendered by the Juvenile Court on April 2, 2002 is void and has no legal effect. Thus, this court must vacate the Juvenile's Court's judgment for lack of subject matter jurisdiction. See Swanson v. Department of Public Safety and Corrections, XXXX-XXXX, p. 5 (La.App. 1 Cir. 6/21/02), 837 So.2d 634, 637; State v. L.B., 95-2116, p. 3 (La.App. 1 Cir. 5/30/96), 676 So.2d 179, 181.

CONCLUSION
For the above and foregoing reasons, the judgment of the Juvenile Court is vacated. Appeal costs in the amount of $595.56 are assessed against the State of Louisiana.
VACATED.