970 So.2d 582 (2007)
Leonard C. BRACKEN
v.
PAYNE AND KELLER COMPANY, INC., et al.
No. 2006 CA 0865.
Court of Appeal of Louisiana, First Circuit.
September 5, 2007.
*584 Leonard C. Bracken, White Castle, Plaintiff-Appellant In Proper Person.
Kirk L. Landry, Holly C. Hargrove, Keogh, Cox & Wilson, Ltd., Baton Rouge, for Defendant-Appellee Payne and Keller Co., Inc.
Hugh P. Lambert, New Orleans, for Defendant-Appellee Lambert & Nelson, P.L.C.
*585 Before: PARRO, GUIDRY, and McCLENDON, JJ.
PARRO, J.
In this workers' compensation action, the claimant appeals a judgment in favor of the defendants, sustaining a peremptory exception raising the objection of prescription, dismissing his claims, and imposing sanctions against him for violation of LSA-C.C.P. art. 863.[1] For the following reasons, we affirm.

Factual Background and Procedural History
On August 10, 2005, Leonard Bracken (Bracken) filed a workers' compensation claim against his employer, Payne & Keller Co., Inc. (P & K), his former attorneys, Lambert & Nelson, P.L.C. (L & N), and their insurers in connection with an accident that occurred on September 25, 1996, involving a chemical release at Georgia Gulf Corporation's facility in Plaquemine, Louisiana. Bracken alleged that while on a job for P & K that day, he was exposed to mustard gas and other chemicals. He averred that he learned of his exposure to mustard gas while watching television two weeks after he had been laid off. Other than stating that he had been exposed, Bracken did not indicate what type of injuries he had sustained. In his disputed claim form, Bracken stated that no wage benefits had ever been paid and that medical treatment had been discontinued. Bracken further alleged:
I had a [workers'] compensation claim filed by my former attorneys Lambert & Nelson without my knowledge. They lead me to believe that all I had was a tort claim. The workers' compensation claim should have taken care of my medical expenses, however, it was not because these attorneys deducted medical expenses out of my settlement.
* * *
The merits of this claim could rest squarely on the fact that the attorneys that [handled] my claim clearly breached their fiduciary duties by failing to keep me informed as to what type of claims that they filed on my behalf as well as other important information that they neglected to tell me. [I'm] not asking this tribunal to mediate this issue, however, [I'm] asking this tribunal to mediate the merits surrounding the fact that Lambert & Nelson [filed] a workers' compensation suit without my knowledge using medical records from the mustard gas exposure. (Workers' comp. suit will be attached and paragraph 5 of joint petition will confirm this fact about the medicals and filing of the suit). In addition, Lambert and Nelson clearly defrauded me in this matter by assessing a 42.5% lawyer fee on a workers' compensation claim, while deducting medical expenses from my settlement, while leading me to believe that this was a tort suit. (Leonard Bracken Rough Disbursement # 2 and the Indemnity Agreement will be attached to confirm this fact).
Attached to his disputed claim form were pleadings and documents from previous litigation, including a joint petition to compromise any workers' compensation claim that Bracken may have. This joint petition referred to the terms of an agreement of compromise and settlement[2] that *586 had been entered into by Bracken and P & K, as well as others who were parties to pending tort actions. This joint petition disclosed that P & K had paid $968.10 in medical benefits to or on behalf of Bracken and that nothing had been paid in temporary total disability benefits. In paragraph 8 of this joint petition, Bracken acknowledged that "all past, present and future indemnity (weekly) benefits, disability benefits, medical benefits, death benefits, dependent benefits, penalties, attorney's fees, interest, travel expenses, punitive damage claims and any other claims known or unknown to [him] are hereby compromised, settled, dismissed and waived in their entirety and shall be the sole liability, risk and responsibility of [himself]." The joint petition further alleged that Bracken had carefully considered the proposed compromise reached in connection with a third party global settlement in pending tort claims and that, in his opinion, the settlement was fair and equitable, did substantial justice to the parties, and should be approved.[3] Bracken signed this joint petition with his attorney and P & K's attorney. Bracken also signed an affidavit which verified that all of the facts alleged in the joint petition were true and correct to the best of his knowledge, information, and belief. An order dated October 27, 1999, was entered by a workers' compensation judge, approving the compromise agreement to which Bracken and P & K were parties.[4] This order allowed P & K to waive its right pursuant to LSA-R.S. 23:1101 et seq. to recover benefits paid to and on behalf of Bracken in connection with the 1996 incident and released P & K from all further liability to Bracken under the workers' compensation law for compensation, medical, and any other benefits, in tort or otherwise, in connection with the September 1996 chemical exposure. Pursuant to a motion to dismiss filed by L & N on behalf of Bracken, his claim against P & K had been dismissed, with prejudice, by order dated October 27, 1999.
In the present proceeding, P & K and L & N each filed an exception raising the objection of prescription and a motion for sanctions, alleging that Bracken's pleadings and attachments failed to establish that any activity, payments, or other potential interruptions of prescription have occurred since the latter part of 1999. Following a hearing, the workers' compensation judge (WCJ) found that Bracken's claim for workers' compensation benefits had prescribed on its face and that Bracken had failed to prove that prescription had been interrupted or suspended. Furthermore, the WCJ found that Bracken had brought his former attorneys into this litigation for no apparent reason other than mere harassment. The WCJ entered a judgment, declaring that Bracken's claim had prescribed and that he had violated the provisions of LSA-C.C.P. art. 863. Accordingly, his claim was dismissed, with prejudice, and he was ordered to pay $2,500 in sanctions to P & K and L & N each for a total of $5,000. Bracken appealed.

*587 Prescription

If the facts alleged in a petition do not show that a claim has prescribed, the burden is on the party raising the objection of prescription to prove it. Conversely, if a claim is prescribed on the face of the pleadings, the burden is on the plaintiff to show that prescription has not tolled, because of an interruption or a suspension of prescription. Brister v. GEICO Ins., 01-0179 (La.App. 1st Cir.3/28/02), 813 So.2d 614, 616. At the trial of a peremptory exception, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition. LSA-C.C.P. art. 931. Generally, in the absence of evidence, the objection of prescription must be decided on the facts alleged in the petition, and all allegations thereof are accepted as true. Daisey v. Time Warner, 98-2199 (La.App. 1st Cir.11/5/99), 761 So.2d 564, 567.
Louisiana Revised Statute 23:1209 addresses the prescriptive period for workers' compensation claims, providing in relevant part:
A. In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident. [Footnote omitted.]
* * *
C. All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits.
Louisiana Revised Statute 23:1209(A) provides that in the absence of an agreement, a claim for workers' compensation weekly benefits is prescribed unless a formal claim is filed within one year of the accident or, if such payments have been made, within one year of the last payment. However, the statute also provides an exception in the case of a "developing injury," or one which does not develop or manifest itself immediately after the accident, whereby the prescriptive period does not end until one year from the date the injury develops, but in no event later than two years from the accident date. See Mitchell v. Terrebonne Parish School Bd., 02-1021 (La.App. 1st Cir.4/2/03), 843 So.2d 531, 533, writ denied, 03-2275 (La.11/26/03), 860 So.2d 1135.
*588 Bracken's claim was filed more than one year after the alleged accident. In his disputed claim form, Bracken admitted that no wage benefits had ever been paid to him. Facts sufficient to support a claim of a developing injury have not been alleged. Furthermore, the instant claim was filed more than two years from the accident date. Therefore, we conclude that Bracken's claim for indemnity benefits had prescribed on its face. Accordingly, Bracken had the burden of proving that prescription was interrupted, suspended, or renounced. See Lima v. Schmidt, 595 So.2d 624, 628 (La.1992).
Regarding the interruption of prescription, LSA-C.C. art. 3462 provides that prescription is interrupted when a suit is filed in a court of competent jurisdiction. When a lawsuit is timely filed against the employer, prescription is interrupted as to claims against the employer pursuant to Article 3462. Scott v. Sears, Roebuck and Co., 99-0571 (La.App. 1st Cir.12/22/00), 778 So.2d 50, 54. Thus, the timely filing of a disputed claim pursuant to LSA-R.S. 23:1310 is sufficient to interrupt prescription under LSA-C.C. art. 3462.
The allegations in Bracken's pleadings indicate that following the September 1996 incident, L & N had filed a workers' compensation claim with the Office of Workers' Compensation Administration (OWC) and a tort claim in a district court on behalf of Bracken. However, any such workers' compensation claim was dismissed, with prejudice, on October 27, 1999, pursuant to a motion to dismiss filed on behalf of Bracken.[5]
An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. LSA-C.C. art. 3463. Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses the action at any time either before the defendant has made any appearance of record or thereafter, or fails to prosecute the suit at the trial. Id.; Bordelon v. Medical Center of Baton Rouge, 03-0202 (La.10/21/03), 871 So.2d 1075, 1078. Thus, the fact that the initial claim may have been filed timely would not serve to interrupt prescription with respect to the claim that was filed in 2005 in light of the October 27, 1999 dismissal with prejudice.
In addition to interruption by the filing of a lawsuit, LSA-C.C. art. 3464 provides that prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe. An acknowledgement is the recognition by the debtor of the creditor's right that halts the progress of prescription before it has run its course. It involves an admission of liability, either through explicit recognition of a debt owed, or through actions of the debtor that constitute a tacit acknowledgement. Acknowledgement may be made verbally, in writing, by partial payment, by payment of interest or by pledge, or in other ways; or it may be implicit or inferred from the facts and circumstances. A tacit acknowledgement arises from a debtor's acts of reparation or indemnity, unconditional offers *589 or payments, or actions which lead the creditor to believe that the debtor will not contest liability. Acknowledgement interrupts prescription before it has expired, with the prescriptive period beginning to run anew from the time of the interruption. Dufrene v. Morgan Equipment Rental, Inc., 98-1582 (La.App. 1st Cir.9/24/99), 754 So.2d 1000, 1003; see LSA-C.C. art. 3466. Bracken did not allege nor did he introduce any evidence that P & K had acknowledged that he was entitled to indemnity benefits under the workers' compensation law.[6] Thus, he failed to show that prescription of his claim for indemnity benefits was interrupted by an acknowledgment.
In addition to the filing of a lawsuit and an acknowledgement, the payment of wages in lieu of compensation will interrupt prescription just as compensation payments would. See Lester v. Rebel Crane and Service Co., 393 So.2d 674, 676 (La.1981). Admittedly, P & K never paid indemnity benefits to Bracken. According to Bracken's claim form, he was hired by P & K to work a turn around, and he, like the others working the turn around, was laid off by P & K approximately two weeks following the incident. In the absence of an allegation and evidence that P & K paid Bracken wages in lieu of compensation, we are unable to find an interruption of prescription in this regard.
Contra non valentem agere nulla currit praescriptio is a judicially-created exception to the general rule of prescription, which has been applied to prevent the running of prescription in four situations,[7] including the situations where the employer has done some act to effectually prevent the claimant from availing himself of his cause of action or where the cause of action was not known or reasonably knowable by the plaintiff, even though his ignorance was not induced by the defendant. Belle Pass Terminal, Inc. v. Jolin, Inc., 01-0149 (La.10/16/01), 800 So.2d 762, 769. Thus, prescription does not run against one who was ignorant of the facts upon which his cause of action was based, as long as such ignorance was not willful, negligent, or unreasonable. White v. West Carroll Hosp., Inc., 613 So.2d 150, 155-56 (La.1992). Furthermore, a workers' compensation claimant may prove interruption of prescription by showing his employer lulled him into a false sense of security and thereby induced him to withhold filing suit. Davis v. United General Insurance Co., 93-738 (La.App. 3rd Cir.2/2/94), 631 So.2d 572, 577, rev'd on other grounds, 94-0875 (La.7/1/94), 639 So.2d 1180.
Although Bracken alleged that his attorneys led him to believe that all he had *590 was a tort claim,[8] he made no such claim with respect to his employer. Furthermore, in light of all of the settlement negotiations, the documents pertaining to the settlement of his claims that were executed by Bracken, and the related pleadings that were filed on his behalf in a prior workers' compensation proceeding, we find that Bracken's alleged ignorance of the facts relating to his cause of action was willful, negligent, or unreasonable. Therefore, the doctrine of contra non valentem agere nulla currit praescriptio is not applicable in this case.
Prescription runs against all persons unless an exception is established by legislation. LSA-C.C. art. 3467. There does not appear to be an exception applicable in this case. See LSA-C.C. art. 3469.[9]
Based on our review of the record, we are convinced that Bracken did not carry his burden of proof that prescription had not run. Therefore, under LSA-R.S. 23:1209(A), Bracken's claim for workmen's compensation indemnity benefits had prescribed, and the WCJ did not err in so ruling.

Medica Benefits
In the case of claims for medical benefits, LSA-R.S. 23:1209(C) provides that absent an agreement, such a claim prescribes one year after the accident unless a formal claim is filed within that time, or, if medical benefits have been paid, such a claim prescribes three years from the time of making the last such payment. Mitchell, 843 So.2d at 533. Bracken's claim for medical benefits filed on August 10, 2005, was not made within one year of the date of the accident, September 25, 1996. From Bracken's disputed claim form, it appears that P & K at some point paid medical benefits to or on behalf of Bracken. The "Compromise, Indemnity, Receipt and Release Agreement Relative to Workers' Compensation and Related Benefits" that was executed on October 1, 1999, evidences that these benefits were discontinued on or before August 16, 1999. The instant claim was certainly filed more than three years after the last payment of medical benefits. Accordingly, neither of the time constraints in LSA-R.S. 23:1209(C) has been satisfied. Therefore, we conclude that the WCJ did not err in finding that Bracken's claim for medical expenses relating to the 1996 accident had prescribed.

Sanctions
Following the hearing on the objection of prescription, the WCJ dismissed Bracken's claims and imposed sanctions on Bracken in the total amount of $5,000 in favor of his employer and former attorneys for violation of LSA-C.C.P. art. 863. Louisiana Revised Statute 23:1310.1(C) authorizes the director of the OWC to adopt reasonable rules and regulations, including the rules of procedure before the workers' compensation judges, according to the procedures established by the Administrative Procedure Act. All rules and regulations, properly approved and promulgated under the Administrative Procedure Act, shall be consistent with the workers' compensation law and shall be binding in the administration of that law. LSA-R.S. 23:1310.1(C). Unless otherwise provided for in the hearing rules for the OWC, any practice or *591 procedure not in conflict with either the Workers' Compensation Act or the hearing rules will be guided by the practice and procedure provided for in the Louisiana Code of Civil Procedure. LAC 40:1.6601. Thus, pursuant to statutory authority, the director of the OWC adopted the Louisiana Code of Civil Procedure as applicable to those matters not addressed by the workers' compensation law or the hearing rules. See Piper v. Dillard's Dept. Store, 621 So.2d 865, 866 (La.App. 4th Cir.), writ denied, 627 So.2d 654 (1993).
The signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information and belief formed after reasonable inquiry it is well grounded in fact; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. LSA-C.C.P. art. 863(B). Upon motion of any party, if the court determines that a certification has been made in violation of the provisions of Article 863, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney fee. LSA-C.C.P. art. 863(D). A sanction shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relative to the issue of imposition of the sanction. LSA-C.C.P. art. 863(E).
In October 1998, the OWC adopted LAC 40:I.5803 which tracked the language of LSA-C.C.P. art. 863; however, Section 5803 of the hearing rules was repealed in October 1999. Therefore, LSA-C.C.P. art. 863 is applicable in this case. See St. Bernard Police Jury v. Murla, 99-0377 (La.App. 4th Cir.11/17/99), 745 So.2d 1264, 1268 n. 1, rev'd in part on other grounds, 00-0132 (La.6/30/00), 761 So.2d 532.
Article 863 requires the signing, certifying attorney or litigant to make an objectively reasonable inquiry into the facts and law prior to signing the pleading. Subjective good faith does not satisfy Article 863's duty of reasonable inquiry. The rule imposes upon attorneys and litigants affirmative duties as of the date the document is signed. Borne v. New Orleans Health Care, Inc., 616 So.2d 236, 238 (La. App. 4th Cir.), writ denied, 623 So.2d 1332 (La.1993).
Article 863 grants the court the authority to sanction parties who file pleadings not well grounded in fact or law. A trial court's determination of whether to impose sanctions will not be reversed unless it is manifestly erroneous or clearly wrong. Hessick v. Petro Publications, Inc., 96-0034 (La.App. 1st Cir.11/8/96), 684 So.2d 466, 471, writ denied, 97-0332 (La.3/21/97), 691 So.2d 89. We have thoroughly reviewed the record in this case and cannot conclude that the WCJ was manifestly erroneous in imposing sanctions on Bracken under the facts of this case. See Brown v. Harmony, L.L.C., 05-0747 (La.App. 1st Cir.3/24/06), 934 So.2d 99, 101.

Frivolous Appeal
In its answer to Bracken's appeal, P & K requested damages from Bracken for frivolous appeal pursuant to LSA-C.C.P. art. 2164. Damages for a frivolous appeal may be awarded when there is no serious legal question, when the appeal is taken solely for the purpose of delay, or when it is evident that the appellant's counsel does not seriously believe in the position he advocates. Cortes v. Lynch, 02-1498 (La.App. 1st Cir.5/9/03), 846 So.2d 945, 954. The courts have been very reluctant to grant damages under this *592 article, as it is penal in nature and must be strictly construed. Lane Memorial Hosp. v. Gay, 03-0701 (La.App. 1st Cir.2/23/04), 873 So.2d 682, 687. Rather, appeals are favored, and damages for frivolous appeal are granted only when clearly due. Charleston v. Berry, 97-2527 (La.App. 1st Cir.12/28/98), 723 So.2d 1069, 1075. Although we have determined that this appeal lacks merit, we cannot say that Bracken did not seriously believe the position he advocated or that this appeal was taken solely for purposes of delay.[10] Therefore, damages for frivolous appeal are not warranted.

Motion to Allow Filing of Exhibits to L & N's Brief
L & N has filed a motion to allow the filing of exhibits to its brief on the grounds that it would afford this court a full and complete understanding of the facts of this matter. Notably, many of the documents that L & N seeks to file as exhibits to its brief are contained in the record on appeal and are connected to the 1999 judgment that was entered in the workers' compensation action previously filed by Bracken. Therefore, L & N's motion is denied.

Conclusion
For the foregoing reasons, the judgment sustaining the exception raising the objection of prescription is affirmed.[11] L & N's motion to allow the filing of exhibits is denied. All costs of this appeal are assessed to Bracken.
JUDGMENT AFFIRMED; MOTION DENIED.
GUIDRY and McCLENDON, JJ., concur.
NOTES
[1] The Honorable Jason G. Ourso of District 5 presided in this matter.
[2] The record also contains a copy of this agreement titled "Compromise, Indemnity, Receipt and Release Agreement Relative to Workers' Compensation and Related Benefits," dated October 1, 1999, and executed by Bracken.
[3] The "Full and Final Release and Indemnity Agreement" that was executed by Bracken on October 1, 1999, disclosed that Bracken and his attorneys received $275,531.48 in settlement proceeds. After payment of his attorney fees (40%), plaintiffs' steering committee fee (2.5%), costs, assignments, outstanding medical expenses, and $20,000 into a trust account for medical treatment, Bracken received $126,072.88.
[4] We note that, without this order, it appears Bracken would have had the burden of proving that the workers' compensation law was not his exclusive remedy before being able to participate in the third party global settlement in the pending tort claims.
[5] In an attachment to an answer form served on L & N by OWC, L & N responded that it had not filed a workers' compensation suit for Bracken. L & N further noted that Bracken had executed a settlement agreement in connection with the settlement of the toxic tort litigation and the release of all claims against all defendants, including any claim for workers' compensation benefits. Thus, the claim referred to by Bracken must be related to the joint petition filed on his behalf in 1999 in an effort to obtain authorization to compromise any claim for workers' compensation that he may have had.
[6] In paragraph VIII of the "Compromise, Indemnity, Receipt and Release Agreement Relative to Workers' Compensation and Related Benefits", the parties declared that the agreement was not to be construed as an admission of liability or negligence on the part of the released parties. Furthermore, all liability was specifically denied.
[7] The doctrine applies in four general situations:

(1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action;
(2) where there was some condition coupled with a contract or connected with the proceedings which prevented the creditor from suing or acting;
(3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action;
(4) where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant.
Whitnell v. Menville, 540 So.2d 304, 308 (La. 1989).
[8] Any claim that Bracken may have for an alleged breach of "fiduciary duty" by his attorneys with respect to their representation of him was admittedly not before the OWC.
[9] Prescription is suspended as between: the spouses during marriage, parents and children during minority, tutors and minors during tutorship, curators and interdicts during interdiction, and caretakers and minors during minority. LSA-C.C. art. 3469.
[10] On appeal, Bracken, who is not represented by legal counsel, does not make any argument relating to prescription. Instead, he halfway launches a collateral attack on the legality of the October 27, 1999 judgment that approved the third party global settlement, which included the compromise of his workers' compensation claim. Seemingly, he believes that the claim in the instant case will become viable if he succeeds in his action for nullity of the October 27, 1999 judgment. Such is not the case. If he is successful in having that judgment and the October 27, 1999 order of dismissal annulled, the claim for workers' compensation benefits that may have been pending on his behalf prior to the entry of those judgments would once again become viable for further proceedings. Therefore, the suspension of our ruling in the instant case pending the determination by the OWC or district court on Bracken's petition for nullity is unnecessary.
[11] Since it does not appear that the grounds of the objection of prescription relative to Bracken's claims may be removed by amendment of his disputed claim form, we find it unnecessary to afford Bracken an opportunity to amend his pleadings. See LSA-C.C.P. art. 934.