GUIDRY, J.
^Claimant, Leonard Bracken, appeals a judgment of the Office of Workers’ Compensation Administration (OWC), asserting *55 that the OWC erroneously denied his motion to annul a 1999 judgment approving the settlement and dismissal of his workers’ compensation claim. ' We affirm.
FACTS AND PROCEDURAL HISTORY
On or about September 25, 1996, Mr. Bracken, while in the course and scope of his employment with Payne & Keller Company, Inc., was exposed to mustard, gas at a Georgia Gulf Corporation facility in Plaquemine, Louisiana. A tort suit based on that exposure was filed on behalf of Mr. Bracken in the Eighteenth Judicial District Court (18th JDC) by the law firm of Lambert & Nelson, P.L.C., which represented Mr. Bracken in those proceedings.[1] Before the matter could proceed to trial, Mr. Bracken agreed to settle his tort suit, against all potential tortfeasors, for $275,531.48. On the same date that Mr. Bracken settled his tort- claim, October 1, 1999, he also signed a compromise agreement wherein he released Payne & Keller, insurers and other defendants from “any and all rights, claims, demands, liabilities, liens, remedies, debts, damages, injuries, causes of action or actions of any kind or nature whatsoever, whether known or unknown, arising under the Louisiana Workers’ Compensation Act.” Also on that same date, Mr. Bracken, his counsel from Lambert & Nelson, and counsel for Payne & Keller filed a joint petition with the OWC for approval of the workers’ compensation settlement.
By an order signed on October 27, 1999, the OWC approved the settlement, allowed Payne & Keller to waive its right to seek recovery of any workers’ compensation benefits paid from Mr. Bracken’s tort set1 tlement, held Rthat Mr. Bracken would hold Payne & Keller harmless from any claim for medical treatment related to the 1996 chemical exposure, and “released and forever discharged” Payne & Keller and other entities from all further liability to Mr. Bracken for compensation, medical, and any other benefits under the Louisiana Workers’ Compensation Act.
Despite this order, on August 10, 2005, Mr. Bracken filed a disputed claim for compensation relative to the 1996 chemical exposure. In the disputed claim, Mr. Bracken stated that no wage benefits had ever been paid, that medical treatment had been discontinued, and that his former attorneys, Lambert & Nelson, had “breached their fiduciary duties by failing to keep [him] informed as to what type of claims that they [had] filed on [his] behalf.” He alleged that his former attorneys had filed a workers’ compensation claim without his knowledge and had led him to believe that all he had was a tort claim. 'Payne & Keller and Lambert & Nelson responded to the disputed claim by filing exceptions raising the objection of prescription and further sought[1] sanctions against Mr. Bracken. Following a hearing, the OWC sustained the exception raising the objection of prescription, found that the pleadings filed by Mr. Bracken violated La. C.C.P. art. 863, and ordered Mr. Bracken to pay sanctions in the amount of $2,500 to both Payne & Keller and to Lambert & Nelson. Mr. Bracken appealed.
On appeal, this court affirmed the judgment of the OWC in its entirety; however, in a footnote in the opinion, the following observation was made:
Bracken, who is not represented by legal counsel, does not make any argument relating to prescription. Instead, *56 he halfway, launches a collateral attack on the legality of the October 27, 1999 judgment that approved the third party global settlement, which included the compromise of his workers’ compensation claim.' Seemingly, he believes that the- claim in the instant case will become viable if he succeeds in his action for nullity of the .October 27,1999 judgment. Such is not the case. If he is successful in having that judgment and the October 27, 1999 order of dismissal annulled, the claim Ufor workers’ compensation benefits that may have been pending on his behalf prior to the entry of those judgments would once again become viable for further proceedings. Therefore, the suspension of our ruling in the instant case pending the determination by the OWC or district court on Bracken’s petition for nullity is unnecessary.
Bracken v. Payne & Keller Company, Inc., 06-0865, p. 12 n. 10 (La.App. 1st Cir.9/5/07), 970 So.2d 582, 592 n. 10 (emphasis added).
Proceeding on the hope engendered by the statement contained in a footnote to this court’s opinion in the prior appeal, on October 18,- 2013, Mr. Bracken, as represented by counsel, filed a pleading titled “Motion to Annuli. [sic] the October 27, 1999 Judgment based on the 1st Circuit Ruling of September 05, 2007,” with the OWC.[2] The OWC denied the motion for nullity, citing as reasons its previous ruling and the prior opinion of this court on the appeal, and denied a subsequent motion for new trial, both apparently without argument. Mr. Bracken filed a devolutive appeal of the denial of his motion for new trial. Following the lodging of the appeal, this court issued an interim order, recognizing ex proprio motu that the OWC’s denial of the motion for nullity lacked appropriate decretal language. Hence, this court ordered the parties to show cause by brief why the appeal should not be dismissed due to the lack of decretal language in the judgment appealed or alternatively to supplement this court’s record with an amended judgment with appropriate de-cretal language on or before October 2, 2014. An amended judgment of dismissal was signed by the OWC on September 24, 2014, and this court’s record was supplemented with the amended judgment on September 29,2014.
JjjDISCUSSION
On appeal, Mr. Bracken asserts two assignments of error. In his first assignment of error, he alleges that the OWC’s denial of his motion for new trial was an abuse of discretion.
It should first be pointed out that Mr. Bracken’s appellate brief was filed prior to the issuance of this court’s interim order and the' amended judgment of dismissal and therefore does not refer to the amended judgment. The amended judgment simply denies Mr. Bracken’s motion to annul and does not address the motion for new trial, which technically is an interlocutory ruling that is not subject to the same formalities as a final judgment. See La. *57 C.C.P. arts. 1841, 1911, 1914, and 1918. Moreover, although Mr. Bracken does address why he contends a new, trial should have been granted by. the OWC, it is equally evident that his argument in his first assignment of error is primarily addressed to the merits of his motion for nullity. Thus, we will consider his appeal of the denial of his motion for new trial as an appeal of the judgment on the merits of the denial of his motion to annul, as well.[3] See McCain v. Howell, 06-1830, p. 3 n. 1 (La.App. 1st Cir.9/14/07), 971 So.2d 323, 326 n. 1, writ denied, 07-2027 (La.12/14/07), 970 So.2d 533.
In his motion to annul, Mr. Bracken made several of the same allegations that he made in his 2005 disputed claim for compensation, which, as we previously related, was dismissed as prescribed. However, he also claims that the October 27, 1999 order of the OWC is an absolute nullity under the dictates of La. C.C.P. art. 2002(A)(1),' which states that a final judgment shall be annulled if it is rendered against an incompetent person not represented as | Required by law. In his motion (and also in his brief on appeal), Mr. Bracken asserts that he “never agreed to nor signed [knowingly, and with material understanding] a joint compromise allegedly conforming to LSA-R.S. 23:1271.” He further alleges that the facts show that he “was deemed clearly incompetent.”
A hearing on Mr. Bracken’s motion was never held, as the OWC simply denied the motion and dismissed Mr. Bracken’s case in its entirety on presentation.[4] No reasons for the denial were offered by the OWC, other than the- previous judgment sustaining the' objection of prescription and awarding the defendants sanctions and this court’s opinion affirming that judgment. Nevertheless, reviewing the record before us and the allegations of Mr. Bracken’s motion, we can find no error or abuse of the OWC’s discretion in denying the motion and dismissing the aetion.
We observe that although not phrased as such, the ruling of the OWC appears to be premised on the fact that Mr. Bracken did not establish a cause of action for nullity in his pleading. As used in the context of the peremptory exception, a “cause of action” refers to the. operative facts which give rise to the plaintiffs right to judicially assert the action against the defendant. Reynolds v. Bordelon, 14-2362, p. 5 (La.6/30/15), 172 So.3d 589, 594. Moreover, the objection of no cause of action may be noticed by either the trial or appellate court on its own motion. La. C.C.P. art. 927(B).
Louisiana retains a system of fact pleading, and mere conclusions of the plaintiff unsupported by facts will not set forth a cause or right of action. Reynolds, 14-2362 at p. 6, 172 So.3d at 595. In his motion to annul, Mr. Bracken merely cites to La. C.C.P. art. 2002(A)(1) *58 as stating that a judgment against “an incompetent person not represented as required by law” shall be annulled and alleges that he was “deemed clearly incompetent.” Although Mr. Bracken appears to equate “incompetence” with his failure to “materially understand” the settlement documents and the joint petition he signed, that is not the case. See La. C.C. art. 389.
Hence, Mr. Bracken’s assertion that the October 27, 1999 order was obtained based on the alleged fraud and ill practices of his counsel and resulted in his signing the settlement documents and joint petition in error does not constitute a vice of form pursuant to La. C.C.P. art. 2002, but rather is a vice of substance under La. C.C.P. art. 2004. Further, an action to annul a judgment based on alleged fraud or ill practices cannot be collaterally attacked in the existing proceedings, but must be brought by a direct or new and separate proceeding in the court that rendered the judgment sought to be annulled. Thus, Mr. Bracken’s motion to annul was not properly before the OWC, and, the OWC did not err in failing to consider the motion. See Regions Bank v. Cabinet Works, L.L.C., 11-748, p. 24 (La.App. 5th Cir.4/10/12), 92 So.3d 945, 961.
We therefore fínd no merit in Mr. Bracken’s first assignment of error.
In his second assignment of error, Mr. Bracken asserts that his motion for new trial should have been granted based on newly discovered evidence.[5] See La. C.C.P. art. 1972(2). Specifically, in the motion for new trial, he asserted that he “is believed to now be faced with cancer due to exposure to cancer causing chemicals at the time of the incident.” In his brief on appeal, Mr. Bracken ^likewise asserts that “he is now facing a cancerous condition due to exposure to toxic chemicals on September 25, 1996.” He therefore suggests that “this matter should be remanded to the lower court so that it can verify the current condition of the Appellant and whether the settlement agreements executed on October 1, 1999, fully considered the [possibility] of all impending health maladies he would face as [a] result of the chemical exposures.”
Generally, legal agreements have the effect of law upon the parties, and, as they bind themselves, they shall be held to a full performance of the obligations flowing therefrom. La. C.C. art. 1983; Silwad Two, L.L.C. v. I Zenith, Inc., 12-0282, p. 6 (La.App. 1st Cir.12/21/12), 111 So.3d 405, 410. In other words, a contract between the parties is the law between them, and the courts are obligated to give legal effect to such contracts according to the true intent of the parties. La. C.C. art. 2045; Hampton v. Hampton, Inc., 97-1779, p. 5 (La.App. 1st Cir.6/29/98), 713 So.2d 1185, 1188-89. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent. La. C.C. art. 2046. In such cases, the meaning and intent of the parties to the written contract must be sought within the four corners of the instrument and cannot be explained or contradicted by parol evidence. La. C.C. art. 1848; Hampton, 97-1779 at p. 6, 713 So.2d at 1189.
The fifteen-page, October 1, 1999 workers’ compensation settlement agreement expressly states that Mr. Bracken may *59 have been exposed to “potential human carcinogens” and other “known or unknown” substances. The agreement also repeatedly and broadly recites that Mr. Bracken released all the named and listed parties from all known and unknown claims, injuries, damages, or actions that he “had in the past, now has, or may have in the future.” The document further recites that Mr. Bracken waived and assumed the risk whether |sany claims “existed at any prior time, exist[ed] as of [the] date [of the agreement], or may have otherwise arisen in the future, including without limitation those related to injuries, damages or losses which [Mr. Bracken] does not know of, anticipate, or suspect to exist, whether through latency, ignorance, oversight, error, negligence, mistake of fact or law, or otherwise, and which if known, would materially affect [Mr. Bracken’s] decision to enter into this Agreement.”
The joint petition likewise, although not as expansively, recites:
PLAINTIFF[6] and Payne & Keller have agreed to accept these terms and conditions [from the third party global settlement, or any other third party settlement relating to the September 1996 chemical exposure] as a full, final, and complete compromise settlement and satisfaction of any and all claims of any kind or nature which PLAINTIFF has or may have against Payne & Keller under the [Louisiana Workers’ Compensation Act,] in tort, or otherwise, on account of any and all injuries, diseases, damages, and conditions allegedly or actually sustained by PLAINTIFF while working for Payne & Keller at the Georgia Gulf facility in Plaquemine, Louisiana in connection with the September 1996 exposure. PLAINTIFF further acknowledges that all past, present and future indemnity (weekly) benefits, disability benefits, medical benefits, death benefits, dependent benefits, penalties, attorney’s fees, interest, travel expenses, punitive damage claims and any other claims known or unknown to the PLAINTIFF are hereby compromised, settled, dismissed and waived in their entirety and shall be the sole liability, risk and responsibility of PLAINTIFF.
Having thoroughly reviewed the pertinent agreements in the record before us, we find that Mr. Bracken not only clearly, but ' expressly recognized that future claims, damages or injuries might arise or develop from the 1996 chemical exposure, but in exchange for his participation and receipt of a lump Sum award from the third party global settlement, he waived any rights he might have to pursue any workers’ compensation benefits relative thereto. The language of the pertinent agreements in the record before us unambiguously show that Mr. Bracken waived his right to assert any claims based on any future | ^developments. Thus, any evidence Mr. Bracken might presently have indicating that he has now developed a cancerous condition, would not now allow him to seek workers’ compensation benefits from Payne & Keller and therefore cannot stand as a basis for allowing him a new trial on the issue of whether he is entitled to seek any medical or other benefits from Payne & Keller under the Louisiana Workers’ Compensation Act. Hence, we find no merit in Mr. Bracken’s argument and reject his second assignment of error as well.
Thus, we are left to address Payne & Keller’s answer to this appeal. In its answer, Payne & Keller seeks dam *60 ages for “frivolous appeal” pursuant to La. C.C.P. art. 2164, stating that “Claimant’s claim fails to raise any serious legal, question and he cannot seriously believe in the position he is advancing.” Courts are very reluctant to grant damages under La. C.C.P. art. 2164, as it. is penal - in nature and must be strictly construed; however, damages may nevertheless be awarded for a frivolous appeal when there is no- serious legal question, when the appeal is taken solely for the purpose of delay, or when it is evident that the appellant’s counsel does not seriously believe in the position he advocates. Bracken, 06-0865 at p. 12, 970 So.2d at 591-92.
Although we fed no merit in the assertions raised by Mr. Bracken on appeal, we cannot likewise say that he does not seriously believe in the .position that he advocates in light of his asserted cancer diagnosis. Moreover, we acknowledge that Mr. Bracken appears to have been inspired to. pursue the present legal action based on dicta-in the prior opinion of this court. Under such .circumstances, we fed that damages for frivolous appeal are not warranted, and therefore, we deny Payne & Keller’s request for the same in its answer to this appeal.
In CONCLUSION
For the foregoing reasons, we affirm the judgment of the OWC denying Mr.-Bracken’s motions to annul and for a new trial and dismissing his claim in its entirety with prejudice. We deny the answer to the appeal filed by the appellee, Payne & Keller .Company, Inc. All costs of this appeal are cast to the appellant, Leonard Bracken.
AFFIRMED; ANSWER TO APPEAL DENIED.
THERIOT, J., dissents in part with reasons.

. According to its answer filed in regards to Mr. Bracken’s prior claim filed in this matter, Lambert & Nelson alleged that it alone represented' over 140 plaintiffs relative to the September 1996 incident.

. Although not contained in the workers’ compensation record before us, our research reveals that on September 8, 2011, Mr. Bracken filed a petition in the 18th JDC to nullify the October 27, 1999 order rendered by the OWC. Lambert & Nelson responded , to the petition by filing exceptions raising the objections of res judicata and prescription and also filed a motion for sanctions. The district court sustained the exceptions and awarded costs and sanctions against Mr. Bracken and his counsel jointly, which judgment this court affirmed on appeal. See Brackens v. Georgia Pacific, 12-0753 (La.App. 1st Cir. 12/21/12), 2012 WL 6680352 (unpublished opinion), writ denied, 13-0221 (La.3/8/13), 109 So.3d 364.

. Although we recognize that Mr. Bracken is ultimately trying to undo the October 27, 1999 order, to which he acquiesced, the appeal in this matter is from the judgment denying his motion to annul and is not a direct appeal of the October 27, 1999 order. Hence, we find La. C.C.P. art. 2085, restricting a party from appealing a judgment to which the party confessed judgment or voluntarily and unconditionally acquiesced in the judgment, inapplicable.'

. As previously stated, the OWC also denied Mr. Bracken’s motion for new trial without a hearing as well. However, a motion for a new trial does not require a contradictory hearing unless there is a cléar showing, by áffidavit, of facts reasonably calculated' to change the outcome or reasonably believed to' have denied the applicant a fair trial. Pittman v. Pittman, 01-2528, p. 4 (La.App. 1st Cir. 12/20/02), 836 So.2d 369, 372, writ denied, 03-1365 (La.9/19/03), 853 So.2d 642.

. When an unrestricted appeal is taken from a final judgment determinative of the merits, the appellant is generally entitled to seek review of all adverse interlocutory judgments prejudicial to him, in addition to the review of the final judgment. BancorpSouth Bank v. Kleinpeter Trace, L.L.C., 13-1396, p. 18 n. 5 (La.App. 1st Cir. 10/1/14), 155 So.3d 614, 627 n. 5, writ denied, 14-2470 (La.2/27/15), 159 So.3d 1067.

6. The beginning paragraph of the joint petition recites that Mr. Bracken will be referred to as "PLAINTIFF” thereafter in the document.