GUIDRY, J.
[SA plaintiff, seeking to nullify an order approving a settlement whereby any workers’ compensation claims the plaintiff did or may have relative to a 1996 chemical exposure were dismissed, appeals a judgment dismissing his petition for nullity. For the following reasons, we affirm in part, vacate in part, and render judgment finding the plaintiffs nullity action to be barred by peremption. We further deny the relief requested in the answers to the appeal.
FACTS AND PROCEDURAL HISTORY
As extensively discussed in several prior opinions from this court, Leonard Bracken claims that at the time he agreed to a global settlement of his tort suit based on being exposed to mustard gas at a Georgia Gulf Corporation facility in Plaquemine, Louisiana in 1996, he was unaware of the chemicals to which he was exposed or the injuries or potential injuries such exposure might cause. He alleges that he did not realize that the settlement encompassed any workers’ compensation claims he might have and that he was wrongly advised and deliberately misled by former counsel (Lambert & Nelson PLC) and his former employer (Payne & Keller Company, Inc.) in regards to the filing and/or settlement of any workers’ compensation claims. See Bracken v. Payne & Keller Company, Inc., 14-0637 (La.App. 1st Cir.8/10/15), 181 So.3d 53; Brackens v. Georgia Pacific, 12-0753 (La.App. 1st Cir.12/21/12), 2012 WL 6680352 (unpublished opinion), and Bracken v. Payne and Keller Company, Inc., 06-0865 (La.App. 1st Cir.9/5/07), 970 So.2d 582. Hence, Mr. Bracken has sought to invalidate the October 27,1999 order of a workers’ compensation judge that approved the settlement and dismissal of any workers’ compensation claims Mr. Bracken had or may have related to the 1996 chemical exposure.
To that end, on February 2, 2015, Mr. Bracken filed a “Petition to Declare Workman Compensation Judgment Absolutely Null, Worker Compensation |4Court Violated La. R.S. 23:1272, Mandatory Requirements” in the Nineteenth Judicial District Court (19th JDC) in East Baton Rouge Parish. In the petition, which was drafted by counsel for Mr. Bracken, he identifies himself as a “claimant” and identifies Payne and Keller Contractors, Georgia Gulf Corporation, and the Worker Compensation Tribunal, District [5] as defendants. And while not specifically identifying “Lambert and Nelson Attorneys” as defendants, the petition contains allegations that the attorneys “materially hid” facts and “materially misled” Mr. Bracken regarding the workers’ compensation benefits to which he was allegedly entitled. Service information attached to the petition shows that Mr. Bracken requested service on the following persons or entities: Chief Judge Sheral Keller of Worker Compensation Tribunal District [5], Payne and Keller Contractors, Georgia Pacific Corporation, Lambert and Nelson Attor *1167 neys, and Robert H. Schmolke.[1]
In response to the petition, Payne & Keller Company, Inc. filed exceptions raising the objections of res judicata, prescription/peremption and lack of subject matter jurisdiction. Payne & Keller Company, Inc. also requested an order imposing sanctions pursuant to La. C.C.P. art. 863, including an award of attorney fees, against Mr. Bracken and his counsel “for advancing this frivolous claim” that it alleged had already been rejected by the Office of Workers’ Compensation Administration (OWCA) and the Eighteenth Judicial District Court (18th JDC), with those rulings being affirmed on appeal.
Georgia-Pacific LLC filed exceptions raising the objections of no cause of action, prescription, and lis pendens to Mr. Bracken’s petition, specifically ^noting that Mr. Bracken failed to make any allegations against it in the petition, and thus contended that the petition was erroneously served on it. Axiall Corporation, which was formerly known as Georgia Gulf Corporation, filed exceptions raising the objections of insufficiency of citation and service,[2] lack of subject matter jurisdiction, res judicata, and prescription/peremption to Mr. Bracken’s petition and also requested sanctions pursuant to La. C.C.P. art. 863, including an award of attorney fees, against Mr. Bracken and his counsel. The Lambert Firm, PLC, noting that it was improperly referred to as “Lambert and Nelson Attorneys” in Mr. Bracken’s petition, joined with Payne & Keller Company, Inc. in excepting to the petition on the basis of res judicata, prescription/peremption, and lack of subject matter jurisdiction and in the request for sanctions. Finally, on behalf of the “Workman Compensation Tribunal, District 5,” the OWCA also filed exceptions raising the objections of res judicata, prescription/peremption, and lack of subject matter jurisdiction and requested an imposition of sanctions pursuant to La. C.C.P. art. 863.
On June 1, 2015, the 19th JDC held a hearing on all the exceptions and the requests for sanctions filed by the named defendants and served parties. The 19th JDC denied the requests for sanctions, stating that it believed that the party responsible for the proceedings was an attorney who had since been suspended from the practice of law. Then after accepting into evidence the memoranda and exhibits of all the parties, the 19th JDC sustained all the exceptions filed by the parties and dismissed Mr. Bracken’s petition with prejudice, signing a written judgment to that effect on June 30, 2015. After the 19th JDC denied his motion for new trial, Mr. Bracken moved for and was granted a devolutive appeal of the | (judgment.
DISCUSSION
In his brief on appeal, Mr. Bracken initially argues that the trial court erred in sustaining the exceptions raising the objections of res judicata and prescription and then further argues the merits of his nulli *1168 ty action, asserting that the trial court allegedly erred in not granting his motion for new trial. While we agree that the trial court did err in sustaining the peremptory exceptions raising the objections of res judicata and prescription, it is not for the reasons asserted by Mr. Bracken. Notably, however, it is on.the basis of the declinatory exception raising the objection of lack of subject matter jurisdiction that the 19th JDC also sustained and which Mr. Bracken patently does not address in his appellate brief.
Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. La. C.C.P. art. 2. The jurisdiction of a court over the subject matter of an action or proceeding cannot be conferred by consent of the parties. A judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void. La. C.C.P. art. 8.
As previously recognized by this court, Mr. Bracken’s assertion that the October 27, 1999 order (approving settlement and dismissal of his workers’ compensation claim) resulted from the alleged fraud and ill practices of his counsel constitutes a vice of substance under La. C.C.P. art. 2004 and not a vice of form pursuant to La. C.C.P. art. 2002. See Bracken, 14-0637 at p. 7, 181 So.3d at 58. To annul a judgment obtáined by fraud or ill practice, a direct action must be brought for that purpose in the court that rendered the judgment. Smith v. LeBlanc, 06-0041, p. 6 (La.App. 1st Cir.8/15/07), 966 So.2d 66, 72.
|7As such, while Mr. Bracken did file a new and separate action to nullify the order, he improperly failed to file the action in the court that rendered the judgment sought to be annulled, which in this case would be the OWCA, not the 19th JDC. Further, workers’ compensation judges are vested with original, exclusive jurisdiction over all claims or disputes arising under the Louisiana Workers’ Compensation Law. La. R.S. 23:1310.3(F). Thus, again the 19th JDC lacked jurisdiction to consider Mr. Bracken’s petition to annul an order of the OWCA. As such, the 19th JDC did not err- in sustaining the various defendants’ exceptions raising the objection of lack of subject matter jurisdiction. See also Allen v. Fireman’s Fund Insurance Company, 36,606, p. 5 (La.App.2d Cir.11/6/02), 830 So.2d 1120, 1124, writ denied, 02-2981 (La.2/14/03), 836 So.2d 114.
 However, as the 19th JDC lacked subject matter jurisdiction to .consider Mr. Bracken’s nullity action, we find that the 19th JDC erred in sustaining the other exceptions raised by the defendants/served parties. To the extent that the 19th JDC lacked subject matter jurisdiction to rule on the other exceptions once it determined that it lacked subject matter jurisdiction, the 19th JDC’s ruling on the other exceptions is void. See La. C.C.P. art. 3; Thomas v. Ardenwood Properties, 10-0026, p. 4 (La.App. 1st Cir.6/11/10), 43 So.3d 213, 216, writ denied, 10-1629 (La.10/8/10), 46 So.3d 1271; and State v. Wade, 03-1364, p. 5 (La App. 1st Cir. 12/3/03), 868 So.2d 110, 113. Nevertheless, La. C.C.P. art. 927(B) grants this court authority to raise the objection of peremption on its own motion and considering Mr. Bracken’s persistence in litigating this matter, despite the opinions and admonitions of the courts of this state, we find the exercise of such authority is warranted.
A one-year time limitation is provided under La. C.C.P. art. 2004(B) for filing a nullity action based on a vice of *1169 substance. As previously held by this Iscourt in an earlier opinion, as well as in our discussion herein, even accepting all of Mr. Bracken’s allegations as true, his nullity claims, at most, constitute a vice of substance pursuant to La. C.C.P. art. 2Q04, and not a vice of form pursuant to La. C.C.P. art. 2002.[3] The time limitation provided in La. C.C.P. art. 2004(B) has been held to be a peremptive period, rather than prescriptive. Knox v. West Baton Rouge Credit Inc., 08-1818, p 7 (La.App. 1st Cir.3/27/09), 9 So.3d 1020, 1025; Thompson v. Thompson, 14-963, p. 5 (La.App. 3d Cir.3/4/15), 159 So.3d 1121, 1125. As shown in the record before us and recited in our prior opinions, in 2005, Mr, Bracken filed a disputed claim for compensation in which he raised the allegations that counsel had filed a workers’ compensation claim on his behalf without his knowledge and failed to advise him that the global settlement of his tort suit also resulted in the settlement of any workers’ compensation claims he might have. See Bracken, 14-0637 at p. 3, 181 So.3d at 55 and Bracken, 06-0865 at pp. 2-3, 970 So.2d at 585. Thus, Mr. Bracken had knowledge of the grounds for his nullity action by 2005 at the latest; yet, the record shows that it was not until 2011 that Mr. Bracken filed his first nullity action in the 18th JDC.[4] As the passage of approximately six years between the time the record shows Mr. Bracken had knowledge of the grounds for his nullity action and his actual filing of such an action is well in excess of the one-year peremptive period provided in La. C.C.P. art. 2004(B), we hereby declare Mr. Bracken’s action for nullity to be barred by peremption on our own motion.
Finally, in conjunction with this appeal, Payne & Keller Company, Inc., Georgia-Pacific, LLC, The Lambert Firm,, and Ax-iall Corporation all filed answers to the appeal seeking damages for frivolous appeal. As we have found |9merit in Mr. Bracken’s assertion that the trial court erred in sustaining the exceptions based on the objections of res judicata and prescription, albeit on other grounds, we decline to grant the requested damages.
CONCLUSION
Having concluded that the 19th JDC properly sustained the declinatory exceptions raising the objection of lack of subject matter jurisdiction, we affirm the June 30, 2015 judgment of the 19th JDC, insofar as it sustained the exceptions raising the objection of lack of subject matter jurisdiction and dismissed Mr. Bracken’s suit. We vacate that part of the judgment that sustained the remaining exceptions and render judgment finding this -matter per-empted. We decline to grant,damages for frivolous appeal as requested in the answers to appeal filed in this matter. All costs of this appeal are cast to the appellant, Leonard Bracken.
AFFIRMED IN PART, VACATED IN PART, AND RENDERED; ANSWERS TO APPEAL DENIED.

. The record before us reveals that a large number of individual lawsuits were filed relative to the mustard gas release that occurred at the Georgia Gulf plant in 1996; however, a class action regarding the litigation was not certified by the district court. The Eighteenth Judicial District Court for the Parish of Iber-ville, however, did order that a fund be created to reimburse a Plaintiffs’ Steering Committee for costs incurred by the committee that were beneficial to all plaintiffs. Robert H. Schmolke was one of five persons who comprised the Plaintiffs’ Steering Committee.

. The record shows that Mr. Bracken attempted to obtain a default judgment against Georgia Gulf Corporation; however, the district court refused to sign an order of confirmation because no proof to establish a prima facie case in accordance with La. C.C.P. art. 1702 was presented.

. We observe that Mr. Bracken has consistently claimed that the October 27, 1999 order is an absolute nullity pursuant to La. C.C.P. art. 2002, which assertion we plainly reject.

. According to the record before us, it also appears that on the same date, September 8, 2011, Mr. Bracken filed the exact same nullity action in the OWCA.